## Case No. 11,780.

### RICHARDSON v. BOSTON.

[1 Curt. 250.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1852.

COURTS—JUDGES INCOMPETENT TO SIT — REMOVAL TO NEAREST CIRCUIT.

1. When both the judges of the circuit court are incompetent, from interest, or having been of counsel, to sit in a cause, it is to be certified to the nearest circuit court in this circuit, competent in point of law to try the same.

[Cited in Judd v. Tyron, 131 Mass. 347; McFarlane v. Clark, 39 Mich. 46; Re Ryers, 72 N. Y. 15.]

2. In cases of admiralty appeals and writs of error from the district court, if the judge of the supreme court assigned to this circuit, cannot sit, for either of the above reasons, the case

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

must be certified to the nearest circuit court in the second circuit.

In this case Mr. Justice CURTIS having been of counsel with the plaintiff, while at the bar, and the district judge being an inhabitant of the city of Boston, and therefore interested in the result of the case, it became necessary to enter an order to remove the case to another circuit court, under the act of congress of February 28, 1839, § 8 (5 Stat. 322). The defendants moved that it be certified to another circuit court, and desired that it may be to the circuit court for the Southern district of New York. The plaintiff [Thomas Richardson] objected to this, and suggested that it should be certified to the circuit court for the district of Rhode Island. It was an action on the case for a public nuisance, alleged to be specially injurious to the plaintiff, as the owner of a wharf, in the city of Boston. The plaintiff was a citizen of Rhode Island. It was stated at the bar, and not denied, that the suit involved a right of much pecuniary value.

C. G. Loring and Mr. Chandler, for the motion.

R. Choate and S. Bartlett, contra.

CURTIS, Circuit Justice. The act of congress requires the judges though interested, to make an order, designating the particular circuit court to which the action shall be removed. The duty is one of considerable delicacy, and the statute should, if possible, be so construed as to grant to judges thus circumstanced, no more discretion than is necessary to prevent a failure of justice. In the same spirit, and for similar reasons, I conceive that such judges, in exercising whatever power has been necessarily confided to them, should endeavor to lay hold of some rule, fit to be applied to all cases, and not attempt to decide on the circumstances of the particular case, their relation to which may prevent them from rightly appreciating. There are two governing elements contained in the statute. The first is, "the most convenient circuit court," the second, "in the next adjacent state or circuit." It is not difficult to perceive why the alternative was given, allowing a removal to a circuit court in the next adjacent circuit, instead of confining it to the next adjacent state. In admiralty appeals, or writs of error from the district court, if the judge of the supreme court be interested, it would not be in accordance with our system, and scarcely decorous in itself, to remove the cause to another district in the same circuit, to be heard by another district judge; and it is possible, that a circuit court might not be found in the next adjacent state; for since Kentucky was admitted into the Union there have been, at all times, I think, states in which there has been no circuit court, as there is none now in Wisconsin, Iowa, Florida, Texas, or California. In passing a general law to cover this whole subject, it might be proper for congress to make the power broad enough to include all cases, but it may not be fit to use this broad power except in the particular classes of cases which gave occasion to it.

The leading idea of the law is, I think, proximity of place; and that circuit court which is competent to act, and nearest to the subject of the controversy, the witnesses, the parties, and the court whence the removal is to take place, is the most convenient circuit court within the meaning of this act. I am not willing to enter into the nature of the particular case, or to consider the supposed superior fitness of one of these tribunals, over another. It would be a difficult, and not slightly invidious task, to balance the advantages, real or imaginary, which the parties may conceive are to be gained or lost by resorting to one tribunal rather than another, when the law deems both equally competent. Least of all shall I attempt to do this in a case in which the law disqualifies me to sit as a judge. In my opinion, it is in conformity with the statute, and the rule should be, where the parties do not agree, that cases thus removed, should go, as a matter of course, to the nearest circuit court, in this circuit, unless that court is not competent, in point of law, to try them.

With this view, I am of opinion this suit should be certified to the circuit court within and for the district of Rhode Island.